(Hamilton County, Common Pleas Court.)
July Term, 1897.

## GEORGE KINSEY v. THE BURGESS STEEL & IRON WORKS.

---

An Ohio corporation can be sued only in the county in which such corporation is situated or has or had its principal place of business, or in which an office or agent is maintained.

The word "may" in Section 5026 should be read "must."

The appearance of a defendant in court for the sole purpose of objecting, by motion, to the jurisdiction of the court over his person, is not an appearance in the action.

---

JELKE, J.

Plaintiff, a resident of Cincinnati, Hamilton County, brings this action against defendant, a corporation organized under the laws of the state of Ohio and having its plant and principal place of business in Portsmouth, Scioto county, this state.

It appears that for some years past defendant has been accustomed, from time to time, to send its officers and agents to this city for the purpose of doing business, but that defendant has no agent resident in this county, and has no office or agency established here.

On the 23d day of April, 1897, summons herein was served on L. D. York, the president of the defendant company, who happened to be in this city and county on that day on business, by leaving a copy of said summons with him personally.

A motion is subsequently filed, as follows:

"The defendant, a corporation doing business in and with its principal and only office in Scioto county, Ohio, appearing solely for the purpose of this motion, and not intending thereby to enter its appearance, moves that the Sheriff's return of service of summons be set aside, for the reason that said court has no jurisdiction of the person of defendant."

Plaintiff claims that a corporation created under the laws of this state may be sued in any county where service of summons can be had on any of its chief officers.

Defendant claims that a corporation can only be sued in the county in which such corporation is situate, or has or had its principal place of business, or in which any corporation has an office or agent.

R. S. Section 5026, provides:

"An action other than one of those mentioned in the first four sections of this chapter, against a corporation created under the laws of this state, may be brought in the

county in which such corporation is situate' or has or had its principal office or place of business, or in which any corporation has an office or agent.''

I am of the opinion that the word "may" in this section should be read "must." The Legislature of the state has undertaken to enact and provide where actions in this state are to be brought, and actions can only be brought where it is prescribed by statute they may be brought. This word "may" is used in an exactly similar manner in R. S., 5027.

And the Supreme Court, in the case of the Railroad Company v. Morey, 47 O. S., page 210, in construing that section, said:

"This section, like the other sections of chapter 5 of the code of civil procedure that merely prescribe a county in which a defendant may be sued, relate only to the jurisdiction over the person. Neither a railroad company nor other corporation, nor even a natural person, is bound to appear in an action in obedience to a summons served out of the precribed county.''

An examination of sections 5026, 5027, 5028 and 5031 shows that construction must obtain. A reading of section 5026 shows that in the latter half of it the Legislature, realizing how by the first half it had restricted the jurisdiction as to where suits could only be brought against corporations created under the laws of this state generally, and desiring to enlarge the scope of such jurisdiction as against insurance and mining companies, specially enacted the further clause:

"But if such corporation is an insurance company, the action may be brought in the county wherein the cause of action, or some part thereof, arose; and if such corporation be organized for the purpose of mining, either exclusively or in connection with any other business, the action may be brought in any county where such corporation owns or operates a mine or mines, and the cause of action or some part thereof, arose ''

Section 5027 further specially provides that "An action against a railroad company may be brought in any county through or into which such road or line passes.''

If plaintiff's construction that section 5026 is permissive only, and not mandatory, is correct, then the enactment of section 5027 would be entirely superfluous, The same would be true of section 5028 also.

Plaintiff contends that there should be no distinction between a corporation organized under the laws of this state and a natural person, as to where they are to be sued. But this contention can not be maintained in view of section 5031. It is only by virtue of this section that a natural person can be sued in any county in which he may be summoned.

The point made by the plaintiff that the defendant, by filing this motion, has voluntarily entered its appearance, is not well taken. "The appearance of defendant in court for the sole purpose of objecting, by motion, to the jurisdiction of the court over his person, is not an appearance in the ac-

tion." Elliot v. Lawhead, 43 Ohio St., 171.

The defendant expressly reserves and disclaims entry of its appearance, and moves that the sheriff's return of service of summons be set aside, for the reason that said court has no jurisdiction of the person of the defendant. Had the motion been upon any other ground, or had it been made to the jurisdiction over the subject matter, or to any of the merits of plaintiff's case, it would have been otherwise, and appearance entered.

The motion is granted.

Philip Roettinger for plaintiff; Judge Holcomb and A. C. Thompson, of Portsmouth, for defendant.